UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

BILL BUNN,

    Petitioner,

  vs.

WARDEN SALINAS VALLEY STATE PRISON,

    Respondent.
                              /

No. C 09-0251 PJH (PR)

**ORDER REOPENING CASE, GRANTING PETITIONER'S MOTION TO TREAT LETTER AS MOTION TO RECONSIDER AND DENYING HIS MOTION FOR LEAVE TO AMEND**

      This is a habeas case filed pro se by a state prisoner. The petition was dismissed with leave amend in the initial review order. The deadline for amending, after the court granted petitioner's request for an extension, was January 21, 2010. On February 4, 2010, the clerk received and docketed the amendment. On February 11, 2010, the court dismissed the case. On March 4, 2010, the court received a letter from petitioner dated February 18, 2010, noting the dismissal and asking if the court had not received his amendment. The letter was accompanied by another copy of the amended petition.

      Petitioner has moved to treat the March 4 letter as a motion to reconsider. He also moves for leave to amend and has provided a proposed amended petition.

      Although the court was incorrect that no amendment had been received by the time the order dismissing the case was entered, the error does not alter the fact that petitioner did not amend in time, if the February 4 date of receipt is the relevant date. But under the "prison mailbox rule," a pro se prisoner's federal habeas petition is deemed filed when the prisoner delivers the petition to prison authorities for mailing. *Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001), *vacated and remanded on other grounds*, *Carey v. Saffold*, 536 U.S. 214 (2002). There is no reason an amendment should be treated any differently. The

court will assume for purposes of this ruling that the mailbox rule also applies to amended petitions.

The amended petition at issue here – the one received on February 4, 2010 -- carries a postmark of January 29, 1010, which was after the deadline.  However, the petition itself is dated January 2, 2010, and the certificate of service attached to it is dated January 4, 2010.  The discrepancy is unexplained.

Under the mailbox rule, proof of the date of mailing may be by a notarized statement or by a declaration from the prisoner setting forth the date of deposit and stating that first-class postage has been prepaid.  *Koch v. Ricketts*, 68 F.3d 1191, 1193  (9th Cir. 1995).  Here, the certificate of mailing attached to the February 4 petition is insufficient to serve that purpose, because in it petitioner has listed only the attorney general of California as a recipient, not this court.  Because petitioner is pro se, he will be afforded a chance to amend his motion to reconsider to include a declaration (a statement signed under penalty of perjury) that provides the date of mailing for the February 4 petition.

## CONCLUSION

The clerk shall reopen this case.  Petitioner's motion to treat his March 4 letter as a motion to reconsider (document number 18 on the docket) is **GRANTED**.  Petitioner is granted until September 16, 2011, to supplement the letter/motion with a declaration establishing when the February 4 amendment was mailed.  No extensions will be granted. His motion for leave to amend (document 19) is **DENIED** because it is not yet clear whether the case will be allowed to proceed.  If the motion to reconsider is granted, petitioner may renew the motion to amend.

**IT IS SO ORDERED.**

Dated:  September 13, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.09\BUNN0251.recon.wpd

2