UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BILL BUNN,

    Petitioner,

vs.

WARDEN SALINAS VALLEY STATE PRISON,

    Respondent.

No. C 09-0251 PJH (PR)

**ORDER EXTENDING DEADLINE**

    Petitioner, a California prisoner currently incarcerated at Corcoran Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The original petition was dismissed with leave to amend and petitioner was ordered to file a second amended petition. Petitioner has not filed a second amended petition, instead filing a brief memorandum that appears to reference a prior petition (document number 19 on the docket), even though that petition was denied. Petitioner is informed that the amended petition completely replaces the original petition, so petitioner must include in it all the claims he wishes to present, and he may not incorporate any other document by reference. Within twenty-eight days petitioner must file a second amended petition. Failure to file a second amended petition will result in this case being dismissed.

    Petitioner is again reminded that he can only bring claims where he has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has the burden of pleading exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

    In amending, petitioner should bear in mind several additional points. For one thing, federal habeas relief can be granted only for violations of federal law, usually the

Constitution, not for violations of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law).

If petitioner brings another petition with exhausted and unexhausted claims, he would be bringing a mixed petition. Mixed petitions are subject to dismissal, although petitioner would be offered the opportunity to delete unexhausted issues or ask for a stay to allow him to exhaust them. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).

Finally, petitioner should keep in mind that the petition should not contain argument; instead, he should present his claims as clearly and succinctly as he can, with only such factual allegations as would "point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). Without setting a rigid limit, it seems unlikely that more than ten pages would be necessary to set out even complex claims. If petitioner wishes to present argument and further develop the facts, he may do so in a separate memorandum or brief in support of the petition.

**CONCLUSION**

Petitioner must file an amended petition within twenty-eight days from the date of this order. The amendment must include the caption and civil case number used in this order and the words SECOND AMENDED PETITION on the first page. Failure to amend within the designated time will result in the dismissal of the case. The amended petition completely replaces the original petition, so petitioner must include in it all the claims he wishes to present, and he may not incorporate any other document by reference.

///

///

**IT IS SO ORDERED.**

Dated: November 15, 2012.

_____
PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.09\Bunn0251.ord.wpd