UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BILL BUNN,

          Petitioner,

  vs.

WARDEN SALINAS VALLEY STATE PRISON,

          Respondent.
_____/

No. C 09-0251 PJH (PR)

**ORDER FOR RESPONDENT TO SHOW CAUSE**

    Petitioner, a California prisoner currently incarcerated at Corcoran Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Venue is proper because the conviction was obtained in Humboldt County, which is in this district.  *See* 28 U.S.C. § 2241(d).  The original petition was dismissed with leave to amend and petitioner has filed a second amended petition (Docket No. 26).

## DISCUSSION

### A.  Standard of Review

    This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the

petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.     Legal Claims**

As grounds for federal habeas relief, petitioner asserts that: (1) His appellate counsel was ineffective for failing to raise claims two through nine; (2) trial counsel was ineffective for failing to raise claims three through nine; (3) testimony of the child victim was the result of suggestive psychotherapy; (4) he was denied the right to effectively cross-examine the victim due to her receiving suggestive psychotherapy; (5) he was denied access to favorable evidence due to the unexplained loss of video and audio recordings of the interview with the victim; (6) the prosecution's expert witness was allowed to testify that the victim had been molested denying petitioner his right to judgment of the jury; (7) counsel was ineffective for failing to rebut the prosecution's expert testimony; (8) he was denied a fair trial by the admission of uncharged offense evidence; and (9) counsel was ineffective in failing to request appropriate jury instructions.

The original petition was more than 150 pages long and contained numerous subclaims and much argument. That petition was dismissed with leave to amend for petitioner to present all his claims in one short document. This second amended petition is 127 pages and is again confusing and raises many subclaims.[1]

Claims one and two may proceed to the extent that the corresponding claims have been deemed sufficient to proceed and have been properly exhausted.

Claims three and four are dismissed as petitioner is essentially arguing that the victim was brainwashed. Petitioner has been provided several opportunities but has failed to allege a proper federal claim with these arguments.

Claim five is sufficient to proceed.

---

[1] Many pages contain two page numbers and the pages appear out of order.

Claim six is confusing and states that the admission of the testimony from a prosecution expert was improper and certain statements were inappropriate and counsel should have objected. Though, petitioner does not provide a further explanation. This claim is dismissed as it does not state a federal claim.

Claim seven and eight are sufficient to proceed.

With respect to claim nine and jury instructions, the claim is sufficient to proceed only to the extent that each specific instruction petitioner challenges has been properly exhausted in state court.

## CONCLUSION

1. Claims three, four and six are **DISMISSED**. Claims one, two, five, seven, eight and nine are sufficient to proceed.

2. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fourteen days of receipt of any opposition.

3

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: February 15, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.09\Bunn0251.osc.wpd