1

2

3                        UNITED STATES DISTRICT COURT

4                        NORTHERN DISTRICT OF CALIFORNIA

5

6

7  BILL BUNN,

8                        Petitioner,              No. C 09-0251 PJH (PR)

9     vs.                                          **ORDER FOR RESPONDENT
                                                   TO SHOW CAUSE**
10  WARDEN SALINAS VALLEY STATE
    PRISON,
11
                        Respondent.
12  _____/

13        Petitioner, a California prisoner currently incarcerated at Corcoran Prison, has filed a

14  pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Venue is proper

15  because the conviction was obtained in Humboldt County, which is in this district.  *See* 28

16  U.S.C. § 2241(d).  The original petition was dismissed with leave to amend and petitioner

17  has filed a second amended petition (Docket No. 26).

18                                    **DISCUSSION**

19  **A.    Standard of Review**

20        This court may entertain a petition for writ of habeas corpus "in behalf of a person in

21  custody pursuant to the judgment of a State court only on the ground that he is in custody

22  in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

23  § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet

24  heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An

25  application for a federal writ of habeas corpus filed by a prisoner who is in state custody

26  pursuant to a judgment of a state court must "specify all the grounds for relief available to

27  the petitioner ... [and] state the facts supporting each ground."  Rule 2(c) of the Rules

28  Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1  petition is expected to state facts that point to a 'real possibility of constitutional error.'"

2  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir.

3  1970)).   "Habeas petitions which appear on their face to be legally insufficient are subject

4  to summary dismissal."  *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102,

5  1108 (9th Cir. 1996) (Schroeder, J., concurring).

6  **B.    Legal Claims**

7          As grounds for federal habeas relief, petitioner asserts that:  (1)  His appellate

8  counsel was ineffective for failing to raise claims two through nine; (2) trial counsel was

9  ineffective for failing to raise claims three through nine; (3) testimony of the child victim was

10  the result of suggestive psychotherapy; (4) he was denied the right to effectively cross-

11  examine the victim due to her receiving suggestive psychotherapy; (5) he was denied

12  access to favorable evidence due to the unexplained loss of video and audio recordings of

13  the interview with the victim; (6) the prosecution's expert witness was allowed to testify that

14  the victim had been molested denying petitioner his right to judgment of the jury; (7)

15  counsel was ineffective for failing to rebut the prosecution's expert testimony; (8) he was

16  denied a fair trial by the admission of uncharged offense evidence; and (9) counsel was

17  ineffective in failing to request appropriate jury instructions.

18          The original petition was more than 150 pages long and contained numerous

19  subclaims and much argument.  That petition was dismissed with leave to amend for

20  petitioner to present all his claims in one short document.  This second amended petition is

21  127 pages and is again confusing and raises many subclaims.[1]

22          Claims one and two may proceed to the extent that the corresponding claims have

23  been deemed sufficient to proceed and have been properly exhausted.

24          Claims three and four are dismissed as petitioner is essentially arguing that the

25  victim was brainwashed.  Petitioner has been provided several opportunities but has failed

26  to allege a proper federal claim with these arguments.

27          Claim five is sufficient to proceed.

28

[1] Many pages contain two page numbers and the pages appear out of order.

1    Claim six is confusing and states that the admission of the testimony from a

2  prosecution expert was improper and certain statements were inappropriate and counsel

3  should have objected.  Though, petitioner does not provide a further explanation.  This

4  claim is dismissed as it does not state a federal claim.

5    Claim seven and eight are sufficient to proceed.

6    With respect to claim nine and jury instructions, the claim is sufficient to proceed

7  only to the extent that each specific instruction petitioner challenges has been properly

8  exhausted in state court.

9                                    **CONCLUSION**

10    1. Claims three, four and six are **DISMISSED**.  Claims one, two, five, seven, eight

11  and nine are sufficient to proceed.

12    2.  The clerk shall serve by regular mail a copy of this order and the petition and all

13  attachments thereto on respondent and respondent's attorney, the Attorney General of the

14  State of California.  The clerk also shall serve a copy of this order on petitioner.

15    3.  Respondent shall file with the court and serve on petitioner, within sixty days of

16  the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules

17  Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

18  granted.  Respondent shall file with the answer and serve on petitioner a copy of all

19  portions of the state trial record that have been transcribed previously and that are relevant

20  to a determination of the issues presented by the petition.

21    If petitioner wishes to respond to the answer, he shall do so by filing a traverse with

22  the court and serving it on respondent within thirty days of his receipt of the answer.

23    4.  Respondent may file a motion to dismiss on procedural grounds in lieu of an

24  answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing

25  Section 2254 Cases.  If respondent files such a motion, it is due fifty-six (56) days from the

26  date this order is entered.  If a motion is filed, petitioner shall file with the court and serve

27  on respondent an opposition or statement of non-opposition within twenty-eight (28) days of

28  receipt of the motion, and respondent shall file with the court and serve on petitioner a reply

within fourteen days of receipt of any opposition.

*United States District Court*
For the Northern District of California

3

United States **District Court**

For the Northern District of California

1    5.  Petitioner is reminded that all communications with the court must be served on

2   respondent by mailing a true copy of the document to respondent's counsel.  Petitioner

3   must keep the court informed of any change of address and must comply with the court's

4   orders in a timely fashion.  Failure to do so may result in the dismissal of this action for

5   failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v.*

6   *Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

7       **IT IS SO ORDERED.**

8   Dated:  February 15, 2013.      _____

9                                              PHYLLIS J. HAMILTON
                                               United States District Judge

10  G:\PRO-SE\PJH\HC.09\Bunn0251.osc.wpd

4