UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

BILL BUNN,

    Petitioner,

vs.

WARDEN SALINAS VALLEY STATE PRISON,

    Respondent.

No. C 09-0251 PJH (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND GRANTING CERTIFICATE OF APPEALABILITY**

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. This case proceeds on the second amended petition. Respondent has filed a motion to dismiss on the grounds that the petition is barred by the statute of limitations. Petitioner has filed an opposition and respondent has replied. The motion will be granted for the reasons set out below.

## DISCUSSION

### Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral

review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2). The one-year period generally will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The one-year period may start running from "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final 90 days after the California Supreme Court denied review); *Bowen*, 188 F.3d at 1159 (same).

Petitioner was sentenced in Humboldt County Superior Court to prison for one-hundred years to life for committing lewd acts upon a child and it was found that he had sustained a prior rape conviction. Motion to Dismiss (MTD), Exh. 1 at 1; *People v. Bunn*, 2006 WL 925738 *1 (Cal. App. 1 Dist., 2006). On April 11, 2006, the California Court of Appeal affirmed the conviction. *Id.* On June 21, 2006, the California Supreme Court denied review. MTD, Exh. 2. Petitioner's conviction became final ninety days later, September 19, 2006, when the time to file a petition for a writ of certiorari from the United States Supreme Court expired. The statute of limitations expired one year later on September 19, 2007. See 28 U.S.C. § 2244(d)(1).

2

Petitioner filed several post-conviction collateral actions:[1]

    1.  September 5, 2007:  First habeas petition, filed in Humboldt County Superior Court.  MTD, Exh. 3.  The petition was denied on November 29, 2007.  *Id.*, Exh. 4.

    2.  January 23, 2008: Second habeas petition, filed in California Court of Appeal.  *Id.*, Exh. 5.  The petition was denied on February 5, 2008.  *Id.*

    3.  February 19, 2008: Third habeas petition, filed in Humboldt County Superior Court.  *Id.*, Exh. 6.  The petition was denied on March 11, 2008.  *Id.*, Exh. 7.

    4.  March 27, 2008: Fourth habeas petition, filed in Humboldt County Superior Court.  *Id.*, Exh. 8.  The petition was denied on April 14, 2008, and the court noted that a prior petition with the same claims had been denied.  *Id.*, Exh. 9.

    5.  May 7, 2008: Fifth habeas petition, filed in California Court of Appeal.  *Id.*, Exh. 10.  The petition was denied on May 14, 2008.  *Id.*

    6.  July 2, 2008: Sixth habeas petition, filed in the California Supreme Court.  *Id.*, Exh. 11.  The petition was denied on December 17, 2008.  *Id.*, Exh. 12.

Petitioner filed the instant petition in this court on January 14, 2009.  On February 26, 2009, petitioner filed a petition for writ of certiorari in the United States Supreme Court, that was denied on October 5, 2009.  *Id.*, Exh. 13.[2]

The first state petition was filed in superior court on September 5, 2007, just two weeks prior to the expiration of the statue of limitations.  Respondent concedes that petitioner is entitled to tolling for the first two petitions and the interval between.

Petitioner's next two petitions were filed in superior court, not the next higher court, and he is not entitled to interval tolling for the time between the filing of the petitions.  Statutory tolling continues only through "one full round" of state habeas petitions.  *See Carey v. Saffold*, 536 U.S. 214, 222-23 (2002); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003).  Statutory tolling does not

---

[1] The court affords petitioner application of the mailbox rule as to all his habeas filings in state court and in this federal court. *Houston v. Lack*, 487 U.S. 266, 275-76, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); *Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period).

[2] As the petition for writ of certiorari to the United States Supreme Court was filed after the instant federal petition was filed, it does not affect the tolling analysis.

apply where a petitioner files a subsequent petition in the same court, unless the subsequent petition constitutes an attempt to correct deficiencies in the previous petition. *See Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012). Petitioner is not entitled to the fourteen days from February 5, 2008, to February 19, 2008, or the sixteen days from March 11, 2008, to March 27, 2008. Nor would petitioner be entitled to tolling for the nearly month from the denial by the California Supreme Court to the filing of this federal petition as there was no state petition pending. 28 U.S.C. § 2244(d)(2); *see also Banjo v. Ayers*, 614 F.3d 964, 968 (9th Cir. 2010) ("[o]nly the time period during which a round of habeas review is pending tolls the statute of limitation.")

As petitioner's first state petition was filed only two weeks prior to the expiration of the statute of limitations and there were at least two months without tolling later, the petition is untimely. Petitioner concedes that the petition is untimely, but argues that his petition should be timely in light of *Martinez v. Ryan*, 566 U.S. —, 132 S. Ct. 1309 (2012), and its ruling on procedural default. Opposition at 1. *Martinez* discusses what circumstances will allow a petitioner to claim that the ineffective assistance of counsel who handled initial review proceedings can serve as cause to excuse procedural default. Yet, there are no procedural default issues in this case, merely the timeliness of the petition, thus *Martinez* is irrelevant to the circumstances of this case. Petitioner never discusses how his appellate counsel was responsible for the lateness of this federal petition, and his state petitions were denied on the merits, not as procedurally defaulted. *See Vo v. Chappell*, 2013 WL 831050 *2 (C.D. Cal. March 5, 2013) (*Martinez* "is irrelevant to the obvious untimeliness problem the Petition would face"); s*ee also White v. Martel*, 601 F.3d 882, 884 (9th Cir. 2010) (procedural default adequacy analysis is inapplicable to tolling issues to determine timeliness).

To the extent that petitioner argues his lack of legal knowledge led to the late filing of his federal petition, a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). For all these reasons, this petition is untimely.

4

**CONCLUSION**

Respondent's motion to dismiss (Docket No. 32) is **GRANTED** as discussed above. The petition is **DISMISSED**. The clerk shall close the file.

**APPEALABILITY**

The federal rules governing habeas cases brought by state prisoners require a district court that enters a final order adverse to the petitioner to grant or deny a certificate of appealability in the order. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds, as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. *See id.*

Here, the court concludes that reasonable jurists could find it debatable whether

petitioner received ineffective assistance of trial and appellate counsel. The court therefore GRANTS a COA as to only those claims. The court declines to issue a COA regarding the procedural holding that the petition was untimely.

Accordingly, the clerk shall forward the file, including a copy of this order, to the Court of Appeals. *See* Fed. R. App. P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

**IT IS SO ORDERED.**

Dated: September 5, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.09\Bunn0251.mtd.wpd