UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| BILL BUNN, | | |
| | Petitioner, | No. C 09-0251 PJH (PR) |
| vs. | | **ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT** |
| WARDEN SALINAS VALLEY STATE PRISON, | | |
| | Respondent. | |

This habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254, was closed when the court granted respondent's motion to dismiss the petition as being untimely. Petitioner has now filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).

Rule 60(b) lists six grounds for relief from a judgment. Such a motion must be made within a "reasonable time," and as to grounds for relief (1) - (3), no later than one year after the judgment was entered. *See* Fed. R. Civ. P. 60(b). A Rule 60(b) motion does not affect the finality of a judgment or suspend its operation, *see id.*; therefore, a party is not relieved of its obligation to comply with the court's orders simply by filing a Rule 60(b) motion. *See Hook v. Arizona Dep't of Corrections*, 107 F.3d 1397, 1404 (9th Cir. 1997).

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). Rule 60(b) provides a mechanism for parties to seek

relief from a judgment when "it is no longer equitable that the judgment should have prospective application," or when there is any other reason justifying relief from judgment. *Jeff D. v. Kempthorne*, 365 F.3d 844, 853-54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)). Rule 60(b) is not intended to remedy the effects of a deliberate and independent litigation decision that a party later comes to regret through second thoughts or subsequently-gained knowledge. *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1099 (9th Cir. 2006) (denying reconsideration to a party who had settled and then discovered that her attorney had made legal errors in advising her to settle).

In the opposition to the motion to dismiss, petitioner conceded that his habeas petition was untimely but argued that the petition was timely in light of *Martinez v. Ryan*, 566 U.S. —, 132 S. Ct. 1309 (2012), and its ruling on procedural default. This court still analyzed the timeliness issue and granted the motion to dismiss noting that *Martinez v. Ryan* was not applicable to this case. In this Rule 60(b) motion, petitioner now argues for the first time that his petition was timely based on statutory tolling while several of his state petitions were pending.

Even assuming that petitioner was entitled to tolling for all of his state habeas petitions, the federal petition would still be untimely. As stated in the court's order dismissing the case, the statute of limitations expired on September 19, 2007. Petitioner did not file his first state petition until September 5, 2007, just two weeks prior to the expiration of the statue of limitations. His final state petition was denied by the California Supreme Court on December 17, 2008, and he filed this federal petition on January 14, 2009. If petitioner were entitled to tolling for all of his state petitions, he would still needed to have filed the federal petition within two weeks from December 17, 2008. However, the federal petition was not filed until nearly a month later so the petition would still be untimely by nearly two weeks.

Respondent and this court noted that statutory tolling was unavailable for several of the state petitions as they were not filed in the next higher court and tolling continues only through "one full round" of state habeas petitions. *See Carey v. Saffold*, 536 U.S. 214, 222-

23 (2002); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003). Statutory tolling does not apply where a petitioner files a subsequent petition in the same court, unless the subsequent petition constitutes an attempt to correct deficiencies in the previous petition. *See Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012). Petitioner chose not to address respondent's argument in his opposition but now for the first time argues that several of his state petitions were filed in an attempt to correct deficiencies of prior petitions. Other than presenting this conlcusory statement, he fails to provide copies of these state petitions in support or provide any more detail. Regardless, as noted above this would still not overcome the time between the denial by the California Supreme Court and the filing of the federal petition, as that period of time is not entitled to tolling as there was no petition pending.

## CONCLUSION

Petitioner's motion for relief from judgment (Docket No. 38) is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 15, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.09\Bunn0251.60b.wpd